Thomas Blackman, plaintiff in error, *vs.* E. W. Clements, deputy sheriff, defendant in error.

That a third person, not the defendant, has taken a homestead on land, against which a mortgage *fi. fa.* has issued, will not excuse the sheriff for failing to sell, when such *fi. fa.* is placed in his hands for levy and sale; and where he sets up such fact as his only excuse, in answer to a rule to shew cause why he should not be compelled to pay the amount of the *fi. fa.* to the plaintiff, a rule absolute will be granted against him for the value of the land, if such value be less than the amount of the *fi. fa.,* otherwise for the amount of the execution.

Rule against sheriff.    Measure of damages.    Before Judge Harvey.    Polk Superior Court.    August Term, 1871.

The opinion gives the necessary facts.

Alexander & Wright, for plaintiff in error.

Blance, Dodd & King, by J. W. H. Underwood, for defendant.

Montgomery, Judge.

This was a rule against the sheriff for not selling a tract of land levied on under a foreclosure of a mortgage for the

purchase-money. The sheriff's excuse was that the mortgagor had sold to a third person, and that such third person claimed a homestead, and that he did not know the mortgage was for purchase-money.

The Court refused to make the rule absolute, but ordered the sheriff to proceed with the sale. We think the rule absolute should have been granted for the value of the land or the amount of the execution, whichever was the less amount, under the decision of this Court, in *Baker vs. Brown, sheriff*, decided September 12th, 1871. Judgment reversed.